UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNELL D. FULCHER,<br><br>                         Petitioner,<br><br>v.<br><br>S. HATTON, Warden,<br><br>                         Respondent. | Case No.:  16cv2041-BAS-BGS<br><br>**REPORT AND RECOMMENDATION REGARDING**<br><br>**1. RESPONDENT'S MOTION TO DISMISS**<br><br>**2. PETITIONER'S MOTION FOR VOLUNTARY DISMISSAL** |

      **I.    PROCEDURAL BACKGROUND**

Petitioner, a state prisoner proceeding pro se, submitted a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on August 11, 2016.  (ECF No. 1.)  On September 14, 2016, Respondent filed a Motion to Dismiss Second and Successive Petition for Writ of Habeas Corpus.  (ECF No. 7.)  This motion argued that Petitioner previously challenged the same conviction at issue in habeas corpus proceedings in this Court in *Fulcher, Donnell v. R.H. Trimble*, United States District Court, Southern District, case no. 11CV0959-CAB-WMc.  (*Id.* at 2.)  As a result, Respondent argued that Petitioner's Petition should be dismissed.  (*Id.*)

On November 4, 2016, Petitioner filed a Motion for Voluntary Dismissal.  (ECF

No. 10.) In that motion, Petitioner concedes that he lacks leave from the Ninth Circuit Court of Appeals to file this second and successive petition. (*Id.* at 3.) Petitioner requests that the Court dismiss his petition of habeas corpus in its entirety, without prejudice. (*Id.* at 1.)

## II.   LEGAL STANDARD

Rule 41 provides that a "plaintiff may dismiss an action without a court order by filing[ ] a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A). Rule 41(a)(1) creates for plaintiffs an "absolute right" to voluntarily dismiss claims against a defendant who has not yet answered the complaint or moved for summary judgment. *Young v. Bishop Estate*, 497 Fed. Appx. 735, 736 (9th Cir. 2012) (citations and internal quotation marks omitted). Unless the notice of dismissal provides otherwise, voluntary dismissal under FRCP 41(a)(1) is without prejudice. Fed. R. Civ. P. 41(a)(1)(B). However, "if the plaintiff previously dismissed any federal—or state—court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B).

If the Defendant has filed a responsive pleading or a motion for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The court should grant a motion for voluntary dismissal unless doing so would cause the defendant to suffer from "some plain legal prejudice as a result of the dismissal." *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 145 (9th Cir. 1982). Unless the court specifies otherwise, a voluntary dismissal with leave of the court is without prejudice.

## III.   DISCUSSION

Here, Defendant has filed neither an answer to the Petition nor a motion for summary judgment. Thus, under Rule 41(a)(1), Petitioner is entitled to dismiss his complaint without prejudice. Respondent does not oppose Petitioner's Motion for Voluntary Dismissal.

Unlike dismissal under Rule 41(a)(2), which gives the court discretion to grant a motion for voluntary dismissal with or without prejudice, Rule 41(a)(1) provides that dismissal is without prejudice unless the plaintiff "previously dismissed any . . . court action based on or including the same claim."  No evidence on the record indicates that Petitioner previously dismissed the claims he now wishes to withdraw.  Therefore, the Court **RECOMMENDS** that Petitioner's Motion for Voluntary Dismissal be **GRANTED**, without prejudice to refile.  Because there is no longer a live complaint which the court may dismiss, the Court **RECOMMENDS** that Respondent's Motion to Dismiss be denied as **MOOT**.

### IV.  CONCLUSION

This report and recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to the provision of 28 U.S.C. section 636(b)(1).  For the reasons set forth above, it is **RECOMMENDED** that:

1. Petitioner's Motion for Voluntary Dismissal is **GRANTED**;
2. Respondent's Motion to Dismiss is **DENIED** as **MOOT**;

**IT IS ORDERED** that no later than **February 14, 2017**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **February 28, 2017**.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998).

IT IS SO ORDERED.

Dated:  January 31, 2017

_____
Hon. Bernard G. Skomal
United States Magistrate Judge